**Rita LITVACK, Plaintiff–Appellant,**

v.

**Myrna LEHRER, Defendant–Appellee.**

**No. 07–4397–cv.**

United States Court of Appeals, Second Circuit.

Feb. 4, 2009.

Kenneth A. Votre, Votre & Associates, P.C., New Haven, CT, for Appellant.

William H. Clendenen, Jr., Clendenen & Shea, LLC, New Haven, CT, for Appellee.

Present: JOSÉ A. CABRANES and DEBRA A. LIVINGSTON, Circuit Judges, and RICHARD K. EATON,* Judge.

**SUMMARY ORDER**

Plaintiff-appellant Rita Litvack appeals from a January 31, 2007 order of the District Court dismissing, pursuant to Federal

by designation.

Rule of Civil Procedure 12(b)(6), her diversity action against defendant-appellee Myrna Lehrer, alleging that defendant abused her position as a fiduciary of their father's estate. *See Litvack v. Lehrer,* No. 06–cv–00767 WWE, 2007 WL 322506 (D.Conn. Jan. 31, 2007). Specifically, the District Court determined that Section 52 of the Connecticut General Statutes, which permits the reinstatement of actions previously dismissed due to "accidental failure," Conn. Gen.Stat. § 52–592(a), did not permit the reinstatement of an action that the District Court (Ellen Bree Burns, *Judge*) dismissed in April 2004 after plaintiff failed to respond timely to defendant's motion to dismiss in light of their father's death. *See Kaplan v. Lehrer,* 173 Fed. Appx. 934 (2d Cir.2006) (unpublished) (affirming the District Court's dismissal). In this appeal, plaintiff contends that (1) her action must be reinstated because her untimely motion to substitute a new plaintiff for her father did not amount to "egregious" neglect, (2) the District Court erred in not holding a hearing to consider the possibility of reinstating her action, and (3) defendant's motion to dismiss was not the proper vehicle to challenge the applicability of section 52–592 in this case. We assume the parties' familiarity with the facts and procedural history of the case.

We review *de novo* the District Court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Staehr v. Hartford Fin. Serv. Group, Inc.,* 547 F.3d 406, 424 (2d Cir.2008).

Defendant did not ask for an evidentiary hearing before the District Court prior to moving for reconsideration, and we deem that argument forfeited. *See Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP,* 322 F.3d 147, 159 (2d Cir.2003) ("Generally, we will not consider an argument on appeal that was raised for the first time below in a motion for reconsideration.") Substantially for the reasons stated by the District Court in its opinion of January 31, 2007, *see Litvack,* 2007 WL 322506 at *2–4, we conclude that the Court did not err in granting defendant's motion to dismiss.

Accordingly, the January 31, 2007 order of the District Court is AFFIRMED.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Eric H. Holder, Jr. is substitut-ed for Michael B. Mukasey as Respondent.